**BRIDGES BROTHERS, INC.**

**and**

**Cole Bridges**

**v.**

**BOARD OF ASSESSORS OF the CITY OF CALAIS.**

Supreme Judicial Court of Maine.

Oct. 3, 1966.

R. C. Masterman, Bar Harbor, for appellant.

William B. Talbot, Machias, for appellees.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

MARDEN, Justice.

On appeal with agreed statement under provisions of Rule 76 M.R.C.P.

The defendant Board of Assessors for the year 1964 assessed a tax against the plaintiffs-appellees on a stock of new and used cars and trucks, which vehicles were held by the plaintiffs-appellees solely for demonstration and sale and constituted stock in trade. Upon successive appeals to the Board of Assessors, and the County Commissioners Court of Washington County, abatement of the tax was denied. Upon further appeal to the Superior Court, considered by a single Justice, the decision of the County Commissioners was reversed and the case remanded to them for abatement. The defendant-Board of Assessors appealed and the matter reaches us upon agreed statement, setting forth the facts above recited.

The issue is the ad valorem taxability as personal property of new and used cars and trucks held by an automobile dealer solely for demonstration and sale and which constitute stock in trade.

The question is raised by the statutes in effect on April 1, 1964 and as expressed in R.S.1954 and amendments thereto, prior to the Maine Revised Statutes Annotated.

By Chapter 399 P.L.1955 taxation law relating to towns was revised and consolidated and became Chapter 91–A R.S.1954. Subsequent amendments pertinent to our present problem were Chapter 308 P.L. 1959 by which excise taxability was created and Chapter 304 P.L. 1963 which inter alia added house trailers as real estate for ad valorem taxation, absent excise taxation, and concomitant changes in the excise tax law. The reference sections are of Chapter 91–A.

These sections are as follows:

*"Sec. 3. Real estate and personal property taxable; employed in trade; taxable year.*—All * * * personal property of residents of the state, * * * is subject to taxation on the first day of each April as provided; * * *. Personal property employed in trade * * *,' shall be taxed on the average amount kept on hand for sale * * * during the preceding taxable year, * * *."

*"Sec. 8. Personal property; where taxed.*—All personal property within or without the state, except in cases enumerated in the following section, shall be taxed to the owner in the place where he resides."

*"Sec. 10. Exemptions.*—The following property and polls are exempt from taxation.

\*   \*   \*   \*   \*   \*

*V. Personal property.*

\*   \*   \*   \*   \*   \*

*N.* Vehicles exempt from excise tax in accordance with section 125."

An excise tax on certain property including motor vehicles is provided by:

*"Sec. 124. Excise tax.*—

*"I.* An excise tax shall be levied annually with respect to each calendar year in the following cases:

\*   \*   \*   \*   \*   \*

*"C. Motor vehicles*: For the privilege of operating a motor vehicle upon the

public ways, each motor vehicle, * * to be so operated shall be subject to such excise tax as follows: * * *."

"*VI*. Payment of excise tax before property taxes are committed. .

"*A*. Where the person seeking to pay the excise tax owned the vehicle on or before April 1st, the excise tax must be paid before property taxes for the year in question are committed to the collector, otherwise the owner is subject to a personal property tax."

 *   *   *   *   *   *

"*C*. Where a property tax is paid in accordance with this section and later registration of the vehicle is desired, a personal property or real estate tax receipt shall be accepted by the registering agency in lieu of an excise tax receipt, provided such tax receipt contains sufficient information to identify the vehicle."

"*Sec. 125. Exemptions.*—The following are exempt from the excise tax:

 *   *   *   *   *   *

"*IV*. Vehicles owned by bona fide dealers or manufacturers of the vehicles, which vehicles are held solely for demonstration and sale and constitute stock in trade;"

"*Sec. 127. Exempt from personal property taxation.*—Any vehicle owner who has paid the excise tax on his vehicle in accordance with sections 124 and 126 shall be exempt from personal property taxation of such vehicle for that year."

"*Sec. 128. Tax paid before registration.*—No vehicle shall be registered under chapter 22 [Motor vehicle] or chapter 24 [Aviation] until the excise tax or personal property tax or real estate tax[1] has been paid in accordance with sections 124 and 126 [Place of payment].

"*I. Exempt status.* Where a personal property or real estate tax is to be paid as a prerequisite to registration, the exempt status of the vehicles shall be determined by section 125."

In support of the 1964 ad valorem assessment on the average value in aggregate of the vehicles held by appellees during 1963, under Section 3, supra, it is urged that such assessment is not levied on each vehicle as a taxable item of personal property, to which separate items the exemption is respectively extended, but to one item of taxable personal property to-wit a stock in trade. It is contended that the exemption is intended to apply to each vehicle per se but not to a collection of vehicles constituting a stock in trade. We do not agree.

A reading of the abstracted sections makes it clear that the legislature intended that motor vehicles on the dealer's floor should be subject to taxation either as personal property, if not registered for highway use, or by imposition of an excise tax, if registered for highway use (Sec. 124). There was no intent to expose a given vehicle to both taxes during the same taxing period. If an excise tax were paid, the vehicle was free of the personal property tax (Sec. 127). If a personal property tax were paid, and the vehicle later registered for highway use, the ad valorem tax receipt was accepted by the registering agency in lieu of an excise tax receipt, provided the ad valorem tax receipt identified the vehicle as being so taxed (Sec. 124, VI, C).

These sections serve only to qualify the taxing policy expressed in Section 3, et seq. All personal property is subject to (ad valorem) taxation (Sec. 3) except vehicles exempt from excise taxation under Section 125. An excise (use) tax shall be levied annually (Sec. 124, I) for the privilege of operating a motor vehicle upon the

---

1. Mention of real estate tax in this connection appears incongruous but is occasioned by an earlier provision which includes house trailers within the tax definition of real estate, same Chapter § 4, as well as being subject to excise tax when registered for highway use, § 124.

public ways (Sec. 124, I, C), except vehicles owned by bona fide dealers for demonstration and sale and which constitute stock in trade (Sec. 125, IV). The vehicles so held by appellees, their bona fides not questioned, were not taxable as constituting stock in trade under Section 3.

■ It is to be noted that Chapter 139 P.L.1965 amended Section 10, V, N supra, which became 36 M.R.S.A. § 655 in the 1964 revision, by excepting vehicles "constituting stock in trade" from the exemption theretofore afforded. This amendment became effective September 3, 1965 whereby this decision becomes an *ad hoc* ruling affecting tax controversies of the nature here involved and originating prior to the 1966 tax assessments.

Appeal denied.